# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROSA DUNSTON,**

      **Plaintiff,**

**-vs-**                **Case No. 6:04-cv-1550-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR ATTORNEY FEES (Doc. No. 21)**
>
> **FILED:**    **February 13, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

> **MOTION:**   **UNOPPOSED MOTION FOR ATTORNEY FEES (Doc. No. 24)**
>
> **FILED:**    **February 21, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

Plaintiff's Motion for an award of fees follows the issuance of an Order and Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for

benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. Nos. 19 and 20). The Commissioner does not oppose the Motion. *See* Doc. No. 24.

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Plaintiff's Motion seeks an award of attorney's fees in the amount of $2,269.40 for 14.85 hours of work, calculated at the rate of $151.65 per hour for work performed in 2004 and the rate of $153.10 for work performed in 2005 ($125.00 adjusted for cost of living increase). *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir.1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate). Plaintiff also seeks an award of $30.25 in expenses (postage and photocopies). Upon review of the supporting papers filed by Plaintiff and there being no opposition by the Commissioner, the Court finds that these sums are reasonable and an award is appropriate under the EAJA. It is therefore **ORDERED** that the motion is **GRANTED** and judgment be entered in the amount of **$2,269.40** for attorney's fees, and **$30.25** for expenses.

**DONE** and **ORDERED** in Orlando, Florida on February 23, 2006.

*David A. Baker*
　　　　　　　　DAVID A. BAKER
　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record